UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIFFINI ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15 CV 1044 JMB |
| ) | |
| CAROLYN W. COLVIN ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's motion to reverse the decision of the Administrative Law Judge ("ALJ") and remand this action pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 17) Plaintiff has not filed a response to the motion, and the time to respond has passed. The parties consented to this Court's jurisdiction under 28 U.S.C. § 636(c).

Title 42 U.S.C. § 405(g) governs remand in this matter. Shalala v. Shaefer, 509 U.S. 292, 296 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). Here, Defendant requests a remand under sentence four of the Section, which states that upon review of Social Security determinations, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause of a rehearing." Sentence four requires a substantive ruling on the correctness of the administrative decision before an order of remand is issued. Melkonyan, 501 U.S. at 98; Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000).

Defendant's counsel informs the Court that after thorough review, the Appeals Council of the Social Security Administration determined that remand is appropriate. Counsel further informs the Court that upon receipt of the undersigned's remand order, the Appeals Council will

remand the case to an ALJ with specific instructions to "consider the impact of Plaintiff's need to self-catheterize during the workday due to her neurogenic bladder impairment in reassessing her residual functional capacity, give further consideration to the credibility of Plaintiff's complaints, and obtain supplemental vocational expert evidence." (See ECF No. 17 at 1)

The undersigned has reviewed the record in light of Defendant's assertions regarding the basis for reversal and remand and agrees that in light of the errors committed by the ALJ, the case should be reversed and remanded for further proceedings. Upon receipt of the Court's remand order, the Appeals Council will remand this case to an ALJ, who will be directed to issue a new decision addressing the shortcomings in the previous decision noted above, and in the Defendant's motion to remand. [1]

For the foregoing reasons, the Court will enter a final judgment reversing the decision of the ALJ and remanding this case to the Commissioner under sentence four of 42 U.S.C. § 405(g).

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion to Reverse and Remand With Suggestions In Support (ECF No. 17) is granted and this cause is reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

A separate Judgment in accordance with this Memorandum and Order is entered this day.

/s/ ***John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of December, 2015

---

[1] The Court notes that deficiencies in the ALJ's decision do not automatically entitle Plaintiff to recover benefits. See Buckner, 213 F.3d at 1011 (noting that "[o]rdinarily, when a claimant appeals from the Commissioner's denial of benefits and we find that such a denial was improper, we, out of 'our abundant deference to the ALJ,' remand the case for further administrative proceedings").